UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY KEMP,

    Plaintiff,

v.

SACRAMENTO STATE LAW LIBRARY, et al.,

    Defendants.

No. 2:19-cv-00173 JAM AC (PS)

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

1

baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

A. The Complaint

Plaintiff brings suit against the Sacramento State Law Library and its "head officer" James Crumble. ECF No. 1 at 2. As a basis for federal jurisdiction, plaintiff states that government employees are prohibited under 18 U.S.C. § 242 from making discriminatory remarks toward African Americans. Id. at 4. Plaintiff alleges that on January 24, 2019, while visiting the state public law library, two security officials made discriminatory remarks towards African

Americans. Id. at 5. Plaintiff further alleges that when he asked to speak to a supervisor, both security officers refused to provide their names or other identification. Id. Plaintiff seeks $250,000 in damages, and requests that the officers be ordered to attend a customer relations course. Id. at 6.

### B. Analysis

This complaint must be dismissed because the allegations cannot state a claim upon which relief may be granted. The legal basis of plaintiff's claim, 18 U.S.C.A. § 242 states in relevant part:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both[.]

First, this law is part of the criminal code, and is not the basis for a civil cause of action. A citizen does not have authority to bring criminal charges. "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997).

Second, even if plaintiff were bringing an analogous civil claim under 42 U.S.C. § 1983, his complaint cannot state a claim upon which relief can be granted. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding[.]

42 U.S.C. § 1983. The facts presented in plaintiff's complaint cannot support liability under §1983. Plaintiff alleges he witnessed security officers at the Sacramento State Public Law Library making discriminatory remarks towards African Americans, and the officers refused to identify themselves to plaintiff. ECF No. 1 at 5. While plaintiff may have a legitimate grievance

3

with the officers in question, the interaction described does not amount to the "deprivation of any rights, privileges or immunities secured by the Constitution and laws[.]" Because the facts alleged in plaintiff's complaint clearly do not support a federal claim, the complaint must be dismissed for failure to state a claim.

Ordinarily, a plaintiff proceeding in pro se is given the opportunity to amend a complaint that does not state a claim. Noll, 809 F.2d at 1448. In this case, however, leave to amend is not appropriate because the facts alleged are clear, and they cannot support relief. Even if the discriminatory remarks were directed against plaintiff personally, they would not rise to the level of a constitutional violation. Racial slurs and other verbal abuse by state actors, without more, do not violate the Constitution and therefore cannot support a claim under § 1983. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Accordingly, amendment would be futile.

## II. Conclusion

Accordingly, the undersigned recommends that plaintiff's request to proceed in forma pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED with prejudice because it fails to state a claim upon which relief can be granted and because it brings claims against immune defendants.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: March 19, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE